UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE JOE GREER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C.D.C.R.—FOLSOM STATE PRISON, et. al.,<br><br>　　　　Defendants. | No. 2:22-cv-0007 CKD P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

　　　　Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by

the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

In his complaint, plaintiff alleges he was injured when a food cart he was pushing locked up and tipped over causing plaintiff to be burned by hot cereal.  Plaintiff asserts the food cart locked up due to poor maintenance.  These allegations do not amount to any claim upon which plaintiff may proceed under federal law.  Accordingly, plaintiff's complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

Plaintiff is informed as follows as to the contents of any amended complaint:

1. Plaintiff must demonstrate how conditions resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  California has not consented to suit with respect to 42 U.S.C. § 1983 claims.

3. Under the Eighth Amendment, prison officials have a duty to protect prisoners from harmful conditions of confinement.  See Farmer v. Brennan, 511 U.S. 825, 833 (1994).  A prison official may be held liable for subjecting an inmate to harmful conditions of confinement if an

1 inmate suffers a sufficiently serious injury, and the prison official was deliberately indifferent to
2 the risk of harm. Id. at 834, 837. The relevant inquiry is whether prison officials, "acting with
3 deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to
4 his future health." Id. at 834 (internal quotation omitted).

5       Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to
6 make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
7 complaint be complete in itself without reference to any prior pleading. This is because, as a
8 general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
9 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
10 longer serves any function in the case. Therefore, in an amended complaint, as in an original
11 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

12       In accordance with the above, IT IS HEREBY ORDERED that:

13       1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

14       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees
15 shall be collected and paid in accordance with this court's order to the Director of the California
16 Department of Corrections and Rehabilitation filed concurrently herewith.

17       3. Plaintiff's complaint is dismissed.

18       4. Plaintiff is granted thirty days from the date of service of this order to file an amended
19 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
20 Procedure, and the Local Rules of Practice. The amended complaint must bear the docket
21 number assigned this case and must be labeled "Amended Complaint." Failure to file an
22 amended complaint in accordance with this order will result in a recommendation that this action
23 be dismissed.

24 Dated: March 3, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
gree0007.14

3