1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RONNIE JOE GREER,                          No.  2:22-cv-0007 CKD P

12                  Plaintiff,

13        v.                                     ORDER AND

14   C.D.C.R.—FOLSOM STATE PRISON, et.           FINDINGS AND RECOMMENDATIONS
     al.,
15
                    Defendants.
16

17

18        Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

19   1983.  On March 3, 2022, the court screened plaintiff's complaint as the court is required to do

20   under 28 U.S.C. § 1915A(a).  The court dismissed the complaint with leave to amend.  Plaintiff

21   has now filed an amended complaint which the court screens.  Under 28 U.S.C § 1915A(a), the

22   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25        Plaintiff alleges in his amended complaint, as he did in his original, that he was injured

26   when a food cart he was pushing locked up and tipped over causing plaintiff to be burned by hot

27   cereal.  Plaintiff asserts the food cart locked up due to poor maintenance.

28   /////

                                                   1

1    Plaintiff seeks damages for a violation of the Occupational Safety and Health Act.

2    However, a private cause of action for damages is not available under that act.  Crane v. Conoco,

3    F.3d 547, 553 (9th Cir.1994).

4    An action for harmful conditions of confinement can be maintained under the Eighth

5    Amendment.  Farmer v. Brennan, 511 U.S. 825, 833 (1994).  A prison official may be held liable

6    for exposure to harmful conditions of confinement under the Eighth Amendment if the prison

7    official while "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial

8    risk of serious damage to his future health."  Id. at 834 (internal quotation omitted).  To be

9    deliberately indifferent, the "official must both be aware of facts from which the inference could

10   be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.

11   Here, plaintiff fails allege facts suggesting any defendant was at least deliberately indifferent to a

12   substantial risk of harm.  At most, plaintiff alleges negligence based upon improper maintenance

13   on the food cart which caused plaintiff injury.

14   Finally, as for defendant California Department of Corrections and Rehabilitation, the

15   Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a

16   state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan,

17   440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa,

18   682 F.2d 1344, 1349-50 (9th Cir. 1982).  California has not consented to suit with respect to 42

19   U.S.C. § 1983 claims.

20   For all of the foregoing reasons, plaintiff's amended complaint must be dismissed for

21   failure to state a claim upon which relief can be granted.  Considering the advice given to plaintiff

22   upon the dismissal of his original complaint, and the contents of the amended complaint, granting

23   leave to amend a second time appears futile.

24   In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court

25   assign a district court judge to this case.

26   ////

27   ////

28   ////

2

1    IT IS HEREBY RECOMMENDED that:

2    1.  Plaintiff's amended complaint be dismissed for failure to state a claim upon which

3    relief can be granted; and

4    2.  This case be closed.

5    These findings and recommendations are submitted to the United States District Judge

6    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

7    after being served with these findings and recommendations, plaintiff may file written objections

8    with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

9    and Recommendations."  Plaintiff is advised that failure to file objections within the specified

10   time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

11   Cir. 1991).

12   Dated:  October 11, 2022

13   _____
     CAROLYN K. DELANEY
14   UNITED STATES MAGISTRATE JUDGE

15

16

17   1
     gree0007.frs
18

19

20

21

22

23

24

25

26

27

28

                                        3